IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| U.S. BANK N.A., SUCCESSOR TRUSTEE TO BANK OF AMERICA, NA, SUCCESSOR IN INTEREST TO LASALLE BANK NATIONAL ASSOCIATION, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE BEAR STEARNS ASSET BACKED SECURITIES I TRUST 2004-HE6, ASSET-BACKED CERTIFICATES, SERIES 2004-HE6, <br><br> Plaintiff, <br><br> v. <br><br> RIKKA TAYLOR and MARTA KOSCAK, <br><br> Defendants. | § § § § § § § § § § § § § § § § § § § <br><br> Civil Action No. 5:23-cv-83 |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff U.S. Bank N.A., successor trustee to Bank of America, NA, successor in interest to Lasalle Bank National Association, as trustee, on behalf of the holders of the Bear Stearns Asset Backed Securities I Trust 2004-HE6, Asset-Backed Certificates, Series 2004-HE6 ("Plaintiff or "U.S. Bank") complains of Rikka Taylor and Marta Koscak, files this *Original Complaint*, and states as follows:

### I.   PARTIES

1. Plaintiff is a "mortgagee" as is defined in Texas Property Code section 51.001(4) and is appearing through the undersigned counsel.

2. Thomas C. Nystel was a borrower and co-mortgagor under the loan agreement described below. Thomas C. Nystel passed away on or about March 20, 2021.

3. Deborah Gay Roddy (together with Thomas C. Nystel, "Decedents") was a co-

mortgagor under the loan agreement described below. Deborah Gay Roddy passed away on or about September 12, 2016.

4.  Upon information and belief, no probate is open for Decedents' respective estates in Lubbock County, Texas, the county where the subject Property is located. Accordingly, there is no executor or administrator to be made a party in this proceeding as the personal representative of the Decedents' estates.

5.  Pursuant to Texas Estates Code §§ 101.001, 101.051, and 201.001, the heirs at law of Decedents ("Heir" or, collectively, "Heirs"), whether known or unknown, acquired all of Decedents' respective estates, including an undivided interest in the Property, immediately upon their respective deaths. Each Heir is made a party in this proceeding.

6.  Defendant Rikka Taylor is the daughter and alleged heir of Decedents. Rikka Taylor may be served with process at 5419 12th Street, Lubbock, Texas 79416, or at any other place where she may be found. Summons is requested.

7.  Defendant Marta Koscak is the daughter and alleged heir of Decedents. Marta Koscak may be served with process at 404 42nd Street, Rapid City, South Dakota 57702, or at any other place where she may be found. Summons is requested.

## II.   PROPERTY

8.  This proceeding concerns the real property and improvements commonly known as 5418 8th Place, Lubbock, Texas 79416 (the "Property") and more particularly described as follows:

> LOT FIVE HUNDRED THIRTY-FIVE (535) AND THE WEST THIRTEEN FEET (WEST 13 FEET) OF LOT FIVE HUNDRED THIRTY-FOUR (534), PLEASANT RIDGE ADDITION, AN ADDITION TO THE CITY OF LUBBOCK, LUBBOCK COUNTY, TEXAS, ACCORDING TO THE MAP, PLAT AND/OR DEDICATION DEED THEREOF, RECORDED IN VOLUME 748, PAGE 69, DEED RECORDS, LUBBOCK COUNTY, TEXAS.

### III.   JURISDICTION AND VENUE

10.   This Court has jurisdiction over the controversy under 28 U.S.C. Section 1332 because there is complete diversity between Plaintiff and Defendants and the amount in controversy exceeds $75,000.00.

11.   Plaintiff is a trustee of a mortgage-securitization trust. When determining the citizenship of the real parties in interest for purposes of diversity jurisdiction, it is the citizenship of the trustee which controls, not the citizenship of the beneficiaries of the trust. *Navarro Sav. Assoc. v. Lee*, 446 U.S. 458, 464-66 (1980); *Manufacturers and Traders Trust Co. v. HSBC Bank USA, N.A.*, 564 F.Supp.2d 261, 263 (S.D.N.Y. 2008). Plaintiff is a national banking association which is chartered and has its main office in Minnesota. In *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303 (2006), the Supreme Court held that a national bank is a citizen of the state where its main office, as designated in its articles of association, is located. *Wachovia Bank, N.A.* 546 U.S. at 307; see 28 U.S.C. § 1348 (2006).  Therefore, Plaintiff is a citizen of Minnesota for diversity purposes.

12.   Defendant Rikka Taylor is an individual and citizen of the State of Texas.

13.   Defendant Marta Koscak is an individual and citizen of the State of South Dakota.

14.   In this suit, Plaintiff seeks a declaratory judgment to foreclose on real property. Because the property is valued at more than $75,000.00, the minimum amount-in-controversy requirement has been met. When the object of the litigation is a mortgage lien that entitles its owner to the full use and enjoyment of the property, the lien may be measured by the appraised value of the property, the purchase price, or the outstanding principal and interest. *Cf. Farkas v. GMAC Mortg., LLC,* 737 F.3d 338, 341 (5th Cir. 2013).

15. When a party seeks declaratory relief, the amount in controversy is measured by the value of the object of the litigation, and the value of that right is measured by the losses that will follow. *Webb v. Investacorp, Inc.*, 89 F.3d 252, 256 (5th Cir.1996). Stated differently, the amount in controversy is "the value of the right to be protected or the extent of the injury to be prevented." *Hartford Ins. Grp. v. Lou-Con, Inc.*, 293 F.3d 908, 910 (5th Cir. 2002) (quoting *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983)); *see also Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013).

16. Here, the value of the right to be protected is enforcement of mortgage contract through foreclosure. If Plaintiff were to foreclose on the Property, it would be entitled to either the full use and possession of it, or the proceeds of a foreclosure sale. But if Plaintiff is unable to foreclose, it may be entirely divested of any interest in the Property. Thus, rights to the entirety of the property are in question, and the value of the property controls. And the value of the Property exceeds $75,000.00. The Lubbock County Appraisal District values the Property at $221,956.00.

17. Venue is proper in the Northern District of Texas, Lubbock Division, under 28 U.S.C. § 1391(a)(2) because this suit concerns title to real property located in Lubbock County, Texas.

### IV.   FACTS

9. The foregoing paragraphs are incorporated by reference for all purposes.

10. On or about April 14, 2004, Decedent Thomas C. Nystal executed a *Texas Home Equity Note (Fixed Rate-First Lien)* in the principal amount of $70,400.00 ("Note"), originally payable to People's Choice Home Loan, Inc. as lender on a loan secured by the Property. A true and correct copy of the Note is attached hereto as **Exhibit A**.

11. Concurrently with the execution of the Note, Decedents executed a *Texas Home Equity Security Instrument (First Lien)*, ("Security Instrument" and together with the Note, "Loan

Agreement"), as grantors, granting People's Choice Home Loan, Inc, its successors and assigns, a security interest in the Property. The Security Instrument was recorded in the Official Public Records of Lubbock County, Texas, in Book 9070, Page 205 as Instrument No. 15084 on April 20, 2004.  A true and correct copy of the Security Instrument is attached hereto as **Exhibit B**.

12. Subsequently, People's Choice Home Loan, Inc. transferred and assigned the Loan Agreement to Mortgage Electronic Registration Systems, Inc. The *Assignment of Deed of Trust* ("2008 Assignment") was recorded in the Official Public Records of Lubbock County, Texas in Volume 9597, Page 86 on January 8, 2005. A true and correct copy of the 2008 Assignment is attached hereto as **Exhibit C.**

13. Then Mortgage Electronic Registration Systems, Inc. transferred and assigned the Loan Agreement to Plaintiff. The *Corporate Assignment of Deed of Trust* ("2013 Assignment") was recorded in the Official Public Records of Lubbock County, Texas, as Instrument No. 2013043955 on November 4, 2013. A true and correct copy of the 2013 Assignment is attached hereto as **Exhibit D.**

14. Plaintiff is the current legal owner and holder of the Note, specially endorsed to Plaintiff. Plaintiff is also the mortgagee of the Security Instrument as that term is defined in section 51.0001 (4) of the Texas Property Code.

15. Decedents passed away. Upon information and belief, no probate was ever opened for Decedents. In accordance with Texas Estates Code §§ 101.001(b) and 101.051, their heirs acquired all of their interest in the Property immediately upon their death, subject to the Loan Agreement debt owed to Plaintiff.

16. Under the terms of the Loan Agreement, the Decedents were required to pay when due the principal and interest on the debt evidenced by the Note, as well as any applicable charges and fees due under the Note.

17. The Loan Agreement further provides that should they fail to make payments on the Note as they became due and payable, or fail to comply with any or all of the covenants and conditions of the Security Instrument, that the lender may enforce the Security Instrument by selling the Property according to law and in accordance with the provisions set out in the Loan Agreement.

18. The Loan Agreement is currently due for the August 1, 2022 payment and all subsequent monthly payments. On February 10, 2023, a *Demand Letter – Notice of Default* ("Notice of Default") was sent via certified mail to Thomas C. Nystel at the Property's address, in accordance with the Loan Agreement and the Texas Property Code. A true and correct copy of the notice of default is attached hereto as **Exhibit E**.

19. The default was not cured, and the maturity of the debt was accelerated on March 23, 2023, when a *Notice of Acceleration of Loan Maturity* was sent via certified mail to the Decedents at the Property's address in accordance with the Loan Agreement and the Texas Property Code. A true and correct copy of the Notice of Acceleration of Loan Maturity is attached hereto as **Exhibit F.**

20. Plaintiff brings this suit for declaratory judgment and foreclosure so it may enforce its security interest in the Property.

## V. CAUSE OF ACTION- DECLARATORY JUDGMENT

21. The foregoing paragraphs are incorporated by reference for all purposes.

22. Plaintiff requests a declaration from this Court that it is the owner and holder of the Note and beneficiary of the Security Instrument. Plaintiff requests a further declaration from this Court that, as owner and holder of the Note and beneficiary of the Security Instrument, Plaintiff is a mortgagee as that term is defined under Texas Property Code section 51.0001(4) and is

authorized to enforce the power of sale in the Security Instrument through foreclosure of the Property.

### VI. CAUSE OF ACTION - ENFORCEMENT OF STATUTORY PROBATE LIEN

23. The foregoing paragraphs are incorporated by reference for all purposes.

24. Plaintiff seeks a declaration from this Court that Plaintiff has a statutory probate lien against the Property under the terms of the Loan and the following statutory authority:

> a. TEX. ESTATES CODE §§ 101.001(b) and 101.051(b)(1), which state in pertinent part:
>
> *"the estate of a person who dies intestate vests immediately in the person's heirs at law, subject to the payment of, and is still liable for: the debts of the decedent, except as exempted by law"*
>
> b. TEXAS TITLE EXAMINATION STANDARDS § 11.10, which states in pertinent part:
>
> *"A decedent's Property passes to his or her heirs at law or devisees immediately upon death, subject in each instance, except for exempt Property, to payment of debts, including estate and inheritance taxes;"* and
>
> c. TEXAS TITLE EXAMINATION STANDARDS § 11.60, which states in pertinent part:
>
> *"A decedent's Property passes to his or her heirs at law or devisees immediately upon death, subject in each instance, except for exempt Property, to payment of debts, including estate and inheritance taxes . . . Property of a decedent passes subject to unpaid debts and taxes of the estate."*

25. Through Plaintiff's statutory probate lien, reserved in Texas Estates Code §§ 101.001 and 101.151, Plaintiff has an enforceable and superior lien against the Heirs' interest in the Property. Because of a material breach of the Loan Agreement, Plaintiff seeks to enforce its statutory probate lien in the Property through foreclosure.

### VII. CAUSE OF ACTION- NON-JUDICIAL FORECLOSURE

26. The foregoing paragraphs are incorporated by reference for all purposes.

27. Because of a material breach of the Loan Agreement, Plaintiff seeks an order from this Court to enforce its statutory probate lien through non-judicial foreclosure pursuant to the terms of the Loan Agreement and Texas Property Code § 51.002, with respect to Defendants who acquired and/or have a potential interest in the Property subject to Decedents' debts.

28. A public auction of the Property in conjunction with all other regularly scheduled non-judicial foreclosure sales on the first Tuesday of the month would provide the most practical, efficient, and effective means to enforce Plaintiff's security interest in the Property. Because the rights, responsibilities, and duties of Plaintiff and the trustee are well known under Texas Property Code § 51.002 and Texas case law, a public auction conducted in the same manner as a non-judicial foreclosure sale would meet all constitutional standards of due process and would be the most expedient means to put the Property back into the stream of commerce and the housing stock of the community.

### VIII. CAUSE OF ACTION- JUDICIAL FORECLOSURE

29. The foregoing paragraphs are incorporated by reference for all purposes.

30. In the alternative, for failure to cure the default of the Loan Agreement, Plaintiff seeks to enforce its security interest against the Property in an amount equal to the payoff at the time of judgment.

31. Plaintiff seeks a judgment for judicial foreclosure together with an order of sale issued to the sheriff or constable of the Lubbock County, Texas where the Property is located directing the sheriff or constable to seize and sell the Property in satisfaction of the Loan Agreement debt, pursuant to Texas Rules of Civil Procedure 309.

### IX. CAUSE OF ACTION - ATTORNEY'S FEES

32.     Because of the material breach of the Loan Agreement, Plaintiff is entitled to recover reasonable and necessary attorneys' fees under the Loan, and Texas Civil Practice and Remedies Code §38.001. Attorneys' fees are not sought as a personal judgment against the Defendants but only as an additional debt secured by the Deed of Trust.

## X. PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff requests that Defendants be cited to appear and answer, and the Court enter judgment granting:

a. A declaration that Plaintiff is the owner and holder of the Note and beneficiary of the Deed of Trust and that Plaintiff is a mortgagee as that term is defined under Texas Property Code section 51.0001(4), and is authorized to enforce the power of sale in the Deed of Trust through foreclosure of the Property;

b. A declaration that Plaintiff's statutory probate lien against the Property shall be enforced by a non-judicial foreclosure at public auction—or alternatively, a judgment for judicial foreclosure—and that through the foreclosure or auction the Defendants are divested, and the purchaser at foreclosure sale is vested, of all of Decedents' right, title, and interest to the Property;

c. Attorney fees and costs of suit; *and*

d. All other relief, in law and in equity, to which Plaintiff is entitled.

Respectfully submitted,

By: */s/ Mark D. Cronenwett*
    **MARK D. CRONENWETT**
    Attorney in Charge
    Texas Bar No. 00787303
    mcronenwett@mwzmlaw.com

    **VIVIAN N. LOPEZ**
    Texas Bar No. 24129029
    vlopez@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, PC**
14160 North Dallas Parkway, Ste. 900
Dallas, TX 75254
Telephone: (214) 635-2650
Facsimile: (214) 635-2686

**ATTORNEYS FOR PLAINTIFF**